IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PLUMBERS & STEAMFITTERS LOCAL   *
486 PENSION FUND, ET AL.
                                    *

       Plaintiffs,
                                    *        Civil No. WDQ-10-2716
v.
                                    *

RLS HEATING, AIR CONDITIONING,
& REFRIGERATION, LLC,             *

       Defendant.                      *

*   *   *   *   *   *   * *   *   *   *   *   *   *

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Judgment by Default, ECF No. 7, that Plaintiffs Plumbers and Steamfitters Local 486 Pension Fund ("Pension Fund"); Plumbers and Steamfitters Local 486 Medical Fund ("Medical Fund"); Plumbers and Steamfitters Local 486 Severance and Annuity/401(k) Fund ("Severance Fund"); International Training Fund ("ITF"); Mechanical Contractors Association of Maryland, Inc. ("MCA"); Plumbers and Steamfitters Local 486, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Local 486"); and Plumbers and Steamfitters Local 486 Joint Journeyman and Apprentice Training Fund ("Training Fund") (collectively, "Plumbers and Steamfitters") filed.[1] Defendant RLS Heating, Air Conditioning, and Refrigeration, LLC ("RLS") has not filed a response and the time for doing so has passed. *See* Loc. R. 105.2a. I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons stated herein, I recommend that

---

[1] On November 17, 2010, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review Plaintiffs' Motion for Judgment by Default. ECF No. 9.

Plaintiffs' Motion for Judgment by Default be GRANTED and that damages be AWARDED, as set forth herein.

I.  **FACTUAL AND PROCEDURAL HISTORY**

On September 30, 2010, Plaintiffs filed a Complaint under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"), defining themselves as employee pension and welfare benefit plans, a fringe benefit trust fund, an employer association and a labor organization. Compl. ¶¶ 3-9, ECF No. 1. They allege that RLS was bound to a collective bargaining agreement ("CBA"), *id.* ¶ 12, and, in violation of the CBA, failed to pay employee fringe benefit contributions for March – June 2010, *id.* ¶¶ 20, 28, 36, 44, 52, 60, 66, and failed to pay employee fringe benefit contributions in a timely manner for September and October 2009 and February 2010, ¶¶ 24, 32, 40, 48, 56, 63, 69. Plaintiffs allege that the CBA and Declarations of Trust "provide for liquidated damages to the Pension, Medical and Severance and ITF Funds in the amount of twenty percent (20%) of the delinquent contributions," and that 29 U.S.C. § 1132(g)(2) and § 6621 of the I.R.C. govern the amount of liquidated damages for the Training Fund. *Id.* ¶ 15. Further, they assert that the relevant interest rates were 10% for the Pension, Medical and Severance Funds and 12% for ITF, and that 29 U.S.C. § 1132(g)(2) and § 6621 of the I.R.C. govern the amount of interest for the Training Fund. *Id.* ¶¶ 16-17. They contend that RLS is liable to them for unpaid contributions totaling $9,014.26, liquidated damages totaling approximately $2,352.83,[2] and interest at the aforementioned rates. *Id.* at 9-10, 12, 14-15, 17, 19-20, 21-22, 23-24. Plaintiffs also claim that RLS was liable to each of them for uncalculated

---

[2] Plaintiffs identified liquidated damages of $2,352.83 plus "an amount equal to the amount of interest on the unpaid employee benefit contributions owed [to Training Fund] for the months of March, April, May and June, 2010," with that interest calculated at the rate provided for under § 6621 of the I.R.C. Compl. ¶ 17.

sums of unpaid contributions that would come due after Plaintiffs filed the Complaint, additional liquidated damages, and additional interest. *Id.* at 10, 12, 15, 17-18, 21, 22, 23-24. Each Plaintiff also sought post-judgment interest, costs, and fees. *Id.* at 10, 13, 15, 18, 21, 22, 24.

The Summons and Complaint were served on RLS on October 7, 2010. ECF No. 4. Defendant failed to plead or otherwise assert defenses to the Complaint. On November 10, 2010, Plaintiffs moved for Entry of Default, ECF No. 6, and the Clerk entered an Order of Default on November 16, 2010, ECF No. 8.

On November 15, 2010, Plaintiffs moved for Judgment by Default, seeking a total of $17,817.71, which included $9,014.26 in unpaid contributions, $2,357.23 in liquidated damages, $364.98 in interest, and $6,081.25 in attorney's fees.[3] Pls.' Mem. 2, ECF No. 7-1. Specifically, Plaintiffs seek:

- for Pension Fund, $2,979.11 in unpaid contributions, $892.29 in liquidated damages, $119.56 in interest, and $2,027.08 in costs and attorney's fees, Pls.' Mot. ¶ 1;

- for Medical Fund, $3,315.01 in unpaid contributions, $992.90 in liquidated damages, $133.04 in interest, and $2,027.08 in costs and attorney's fees, *id.* ¶ 2;

- for Severance Fund, $1,475.59 in unpaid contributions, $450.77 in liquidated damages, $59.77 in interest, and $2,027.08 in costs and attorney's fees, *id.* ¶ 3;

---

[3] With the exception of attorney's fees and costs, the Court reached these sums by totaling the figures that follow. In their motion, Plaintiffs stated that the total amount of damages they seek is $11,531.76, and in the conclusion of their supporting memorandum, Plaintiffs stated that the total amount is $17,613.01, which includes $9,014.25 in unpaid contributions, $2,191.48 in liquidated damages, and $326.03 in interest. Pls.' Mem. 6. Plaintiffs did not explain the discrepancies among the figures in the motion, those in the memorandum, and the totals reached by adding the damages claimed by each plaintiff. As to attorney's fees and costs, Plaintiffs' memorandum, as well as the Affidavit of Counsel, ECF No. 7-3, indicate a total of $5,681.25 for attorney's fees and $400 for costs. Although $2,027.08, the amount claimed below for each of three plaintiffs, multiplied by three only totals $6,081.24, it is clear that the total should be $6,081.25.

- for Training Fund, $242.33 in unpaid contributions, $4.78 in liquidated damages, and $4.78 in interest, *id.* ¶ 4;

- for ITF, $55.07 in unpaid contributions, $16.49 in liquidated damages, and $3.26 in interest, *id.* ¶ 5;

- for MCA, $181.72 in unpaid contributions and $9.45 in interest, *id.* ¶ 6; and

- for Local 486, $765.43 in unpaid contributions and $35.12 in interest,[4] *id.* ¶ 7.

In support of their motion, Plaintiffs attached the Affidavit of Dale O. Troll, ECF No. 7-2, and Affidavit of Counsel, Meghan E. Ritson, ECF No. 7-3, discussed *infra*.

## II. DISCUSSION

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974), *reversed on other grounds*, 533 F.2d 891 (3d Cir. 1976) (concluding that clerk could not enter default judgment where damages were not liquidated).

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:

[T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

---

[4] In their Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Judgment by Default, Plaintiffs assert that Local 486 is entitled to 6% interest. Pls.' Mem. 4.

> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006),

> The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages, as discussed *infra*. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established.'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, No. WDQ-09-1200, 2010 WL 2899036, at *2-3 (D. Md. June 17, 2010); 10A *Wright, Miller & Kane, Fed. Prac. & Proc*. § 2688 (3d ed. Supp. 2010). Nonetheless, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Fed. Prac. & Proc*. § 2688; *see Ryan*, 253 F.3d at 790 ("'The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" (quoting *Nishimatsu*, 515 F.2d at 1206)); *Agora Fin., LLC*, 2010 WL 2899036, at *2-3; *see also Ohio Cent. R.R. v. Cent. Trust Co.*, 133 U.S. 83, 91 (1890) (stating that even though plaintiff's allegations may be taken as true and "the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not

justify the decree"); *e.g.*, *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that "Plaintiff's pleadings, taken as true, establish all of the alleged violations").

As noted, Defendant was served with the Summons and Complaint on October 7, 2010, but never pleaded or otherwise asserted a defense.[5] Thus, all of Plaintiffs' factual allegations not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. Plaintiffs moved for an entry of default on November 10, 2010 and a default judgment on November 15, 2010, and Defendant still did not respond. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405-06 (holding that entry of default judgment was proper because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Over two months have passed since Defendant received the Complaint, yet it still has not responded. Thus, if Plaintiffs have established Defendant's liability, the Court should grant default judgment.

With regard to liability, LMRA and ERISA "authorize parties to enforce the provisions of their collective bargaining agreements." *Bd. of Trs. of Operating Engineers Local 37 Ben. Fund v. Fraternal Order of Eagles Cumberland No. 245* ("*Operating Engineers Local 37*"), 2010 WL

---

[5] Defendant had twenty-one days after service to respond. Fed. R. Civ. P. 12(a)(1)(A)(i).

4806975, at *2 (D. Md. Nov. 18, 2010). As this Court noted in *Operating Engineers Local 37*, 2010 WL 4806975, at *2:

> 29 U.S.C. § 185 provides jurisdiction in United States district courts over suits alleging violations of a contract between an employer and a labor organization. 29 U.S.C. § 1145 mandates that employers subject to a multi-employer plan or collective bargaining agreement shall make contributions in accordance with the terms of the plan or agreement. 29 U.S.C. § 1132(g)(2) provides for the recovery of damages in any action brought to enforce the payment of unpaid contributions.

According to Plaintiffs' well-pleaded allegations, Defendant was party to a CBA and violated the CBA by failing to pay employee fringe benefit contributions for four months and failing to pay the contributions in a timely manner for three other months. Compl. ¶¶ 12, 20, 28, 36, 44, 52, 60, 66. On that basis, the statutory remedies under 29 U.S.C. § 1132(g)(2) should be available to Plaintiffs and the Court should grant Plaintiffs' Motion for Judgment by Default.

### B. Damages

An allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *see Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs.*, 2009 WL 1872535, at *1 ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages."); *see also Ryan*, 253 F.3d at 780 ("[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

Therefore, on default judgment, the Court only may award damages without a hearing if the record supports the damages requested. *See, e.g.*, *Pentech*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of

7

damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against defendant because plaintiff submitted invoices documenting the money owed to plaintiff); *see also Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record"); *Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007) (noting that, in cases concerning default judgments and promissory notes, "it is not necessary to conduct a hearing and . . . damages may be determined by way of affidavit and other documentary evidence"). Proceeding without a hearing is the exception: "Claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007); *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (same).

Here, Plaintiffs seek damages pursuant to 29 U.S.C. § 1132(g)(2), which provides that, following judgment in favor of an employee benefit plan, the Court shall award:

    (A) the unpaid contributions,
    (B) interest on the unpaid contributions,

(C) an amount equal to the greater of--
   (i) interest on the unpaid contributions, or
   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

Plaintiffs submitted the Affidavit of Dale O. Troll, an Administrator of the Pension Fund, Medical Fund, Severance Fund, and Training Fund, as well as the local agent for collection for the ITF, MCA, and Local 486. Troll Aff. ¶ 1. Mr. Troll stated that Defendant is "bound by the terms of a collective bargaining agreement with Local 486" and that the CBA and Declarations of Trust "provide for the payment of contributions by Defendant to Pension Fund, Medical Fund, Severance and Annuity/401(k) Fund, Training Fund, International Training Fund, and the MCA of Maryland in specified amounts per hour worked by each of RLS Heating's employees covered by the Collective Bargaining Agreement." *Id.* ¶ 4. He added that the CBA and Declarations of Trust "provide for certain authorized deductions" from RLS's employees' paychecks to be made each month and remitted to Local 486 by the middle of the following month." *Id.* ¶¶ 5-6. According to Mr. Troll, the amounts of damages, liquidated damages, and interest owed to Plaintiffs for Defendant's failure to make the payments as required by the CBA "were calculated based on the average of the contributions due for most recent three months for which the company filed remittance reports, as provided by the terms of the Agreements and Declarations of Trust," and "are correct" as listed in Plaintiffs' Motion for Judgment. *Id*. ¶ 7.

Mr. Troll provided his statements under oath. I accept them as true, and I accept the underlying calculations as to liquidated damages and interest. Thus, through Mr. Troll's affidavit and its incorporation of the figures provided in Plaintiffs' motion, Plaintiffs showed the

months for which contributions were unpaid or not timely paid, the amounts of unpaid contributions, and the rates for liquidated damages and interest. On that basis, I find that Plaintiffs established their entitlement to damages, liquidated damages, and interest in the amounts they claimed in their motion. Therefore, I recommend that the Court award damages, liquidated damages, and interest to Plaintiffs as requested in their Motion for Judgment by Default. *See Operating Engineers Local 37*, 2010 WL 4806975, at *3 (accepting accuracy of affiant's sworn statement to award damages); *Trs. of the Operating Engineers Trust Fund v. Dominion Caisson Corp.*, 2010 WL 4781337, at *4 (D. Md. Nov. 17, 2010) (initially denying motion because affiant made "conclusory" assertions and "ha[d] not demonstrated how she arrived at the[] figures" for damages or "provided any supportive documentation attesting to Defendant's obligations under the collective bargaining and trust agreements" so that the Court could "verify the amounts claimed"; awarding damages for unpaid contributions, liquidated damages, and interest for a specified time period after receiving renewed motion and revised affidavit with exhibits, namely, contribution reports and a spreadsheet showing unpaid contributions, liquidated damages, and interest; denying liquidated damages and interest for the periods for which the plaintiffs "failed to demonstrate the contributions amounts upon which the liquidated damages and interest calculations are based").

Plaintiffs also seek attorney's fees and costs in the amount of $6,081.25 and submit the affidavit of their attorney, Meghan E. Ritson. In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing

market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). The plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding, after an initial determination that the attorney's hourly rate was reasonable for the particular district, that attorney's fees requested by Plaintiff, based on documentation of hours worked and tasks completed, were reasonable); *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 220–21 (D.D.C. 2007) (awarding requested attorney's fees based on affidavits and the record). Of import, Appendix B to this Court's Local Rules, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, states that attorneys admitted to the bar for fifteen or more years reasonably may bill $275-400 per hour. Local Rules App'x B, at 3.d. Attorneys admitted to the bar for less than five years may reasonably bill $150-190 per hour. *Id.* at 3.a.

In her affidavit, Ms. Ritson stated that she was admitted to the Maryland bar in December 2006, four years ago, and that her colleague, Kimberly Bradley, was admitted to the Maryland bar in December 1995, fifteen years ago. Ritson Aff. ¶¶ 2-3. According to Ms. Ritson, counsel billed Plaintiffs $225.00 per hour for services which included drafting and reviewing the Complaint, researching matters related thereto, and preparing related documents. *Id.* at ¶¶ 4-6. A rate of $225.00 per hour is more than reasonable for an attorney of Ms. Bradley's experience, but exceeds the recommended range of reasonable hourly rates for an attorney with Ms. Ritson's experience. *See* Local Rules App'x B, at 3.a. However, the Local Rules Guidelines are "solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees." Local Rules App'x B. Given that the more experienced attorney billed at a rate well

11

below the Guidelines, I find that $215.00 per hour is a reasonable rate for Ms. Ritson's time. *See id.*

Ms. Ritson worked 23.5 hours and her colleague worked 1.75 hours. *Id.* at ¶¶ 5-6. According to Ms. Ritson, the case "presented some challenging factual considerations" and RLS's failure to "file certain reports" or "communicate necessary information" added to the time involved in preparing the complaint. *Id.* at ¶ 7. I find that 25.25 hours is a reasonable amount of time.

Costs included a $350.00 filing fee and a $50.00 process server fee. *Id.* at ¶ 9. I find that those costs are reasonable.

Therefore, I recommend that the Court grant relief in the form of payment by Defendant of $5,052.00 for 23.5 hours of Ms. Ritson's time; $393.75 for 1.75 hours of Ms. Bradley's time, and $400.00 for costs; or a total of $5,845.75.

## III. CONCLUSION

I recommend that Plaintiffs' Motion for Judgment by Default be GRANTED and that damages be AWARDED as follows:

- to Pension Fund, $2,979.11 in unpaid contributions, $892.29 in liquidated damages, $119.56 in interest;

- to Medical Fund, $3,315.01 in unpaid contributions, $992.90 in liquidated damages, $133.04 in interest;

- to Severance Fund, $1,475.59 in unpaid contributions, $450.77 in liquidated damages, $59.77 in interest;

- to Training Fund, $242.33 in unpaid contributions, $4.78 in liquidated damages, and $4.78 in interest;

- to ITF, $55.07 in unpaid contributions, $16.49 in liquidated damages, and $3.26 in interest;

- to MCA, $181.72 in unpaid contributions and $9.45 in interest;

- to Local 486, $765.43 in unpaid contributions and $35.12 in interest; and

- $5,845.75 in costs and attorney's fees.


The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Dated: December 22, 2010                                    /S/
                                                    Paul W. Grimm
                                                    United States Magistrate Judge

lyb